MISSOURI, K. & T. RY. CO. OF TEXAS v. ROGERS.

(Court of Civil Appeals of Texas. Austin. March 19, 1913.)

1. APPEAL AND ERROR (§ 690*)—ASSIGNMENTS OF ERROR — ADMISSION OF EVIDENCE — BILL OF EXCEPTIONS.

An assignment of error complaining of the admission of evidence will be overruled, where the bill of exceptions does not show that the evidence was admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

2. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in admitting evidence of a fact established by other evidence, is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Hays County Court; J. B. Wilson, Judge.

Action by W. J. Rogers, Jr., against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 141 S. W. 1011.

Fiset & McClendon and D. K. Woodward, Jr., all of Austin, for appellant. Will G. Barber and T. C. Johnson, Jr., both of San Marcos, for appellee.

KEY, C. J. This is a suit for damages on account of injuries to a shipment of hogs; and from a judgment in favor of the plaintiff the defendant has appealed.

[1, 2] The first assignment complains upon the alleged ground of the admission in evidence of certain testimony, which was objected to. The bill of exception does not show that the testimony referred to in the assignment was admitted in evidence; and it also appears that other testimony to the same effect was admitted without objection; and for these reasons the assignment is overruled.

The second and third assignments complain of the court's charge wherein it submitted to the jury the questions of rough handling the stock and of delay in the shipment; the contention being that there was no evidence authorizing the submission of those issues to the jury. We find in the statement of facts testimony tending to support the allegations in the plaintiff's petition presenting those questions; and therefore hold that it was proper to submit them to the jury.

The fourth and last assignment inferentially, though not directly, challenges the verdict of the jury upon the theory that it was not supported by the testimony, and was excessive in amount. In view of the testimony contained in the statement of facts that assignment is overruled.

No reversible error has been assigned, and the judgment is affirmed.

Affirmed.